UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH F.[1],                                         Case No. 1:17-cv-57
       Plaintiff,                                Barrett, J.
                                                      Litkovitz, M.J.

vs.

COMMISSIONER OF                      **REPORT AND RECOMMENDATION**
SOCIAL SECURITY,
       Defendant.

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1). (Doc. 22). The Commissioner filed a response indicating neither support for nor opposition to plaintiff's motion. (Doc. 24). On January 18, 2024, the Court ordered plaintiff to show cause within ten days why the § 406(b) fee award should not be reduced by the amount plaintiff likely would have received had an Equal Access to Justice Act (EAJA) fee application been filed. Plaintiff's counsel has not responded to the show cause order.

On March 6, 2018, the Court reversed and remanded this case for further proceedings. (Doc. 20). On remand, the Commissioner determined that plaintiff was entitled to disability benefits. (Notice of Award, Doc. 22 at PAGEID 1298). Acting pursuant to § 406(b)(1)(A), the Commissioner withheld 25 percent of past-due benefits—or $32,068.75—as a potential contingency fee to be awarded to plaintiff's counsel. (*Id.* at PAGEID 1301).

Counsel, who represented plaintiff at both the administrative hearing level and on appeal before this Court, has requested a fee of $25,700 for work performed at the administrative level. (Doc. 22 at PAGEID 1295). Plaintiff asks the Court to approve a fee in the amount of $6,368.75 for 31.25 hours of work performed for this Court. The $6,368.75 requested represents 25 percent

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

of plaintiff's past-due benefits ($32,068.75), less the amount requested for work performed at the administrative level ($25,700). (*Id.*).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418,

422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes,* 923 F.2d at 422.

Here, the fee of $6,368.75 that plaintiff's counsel now requests falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff's counsel asserts the requested fee is reasonable given the contingency fee agreement, the excellent result he achieved for plaintiff, and that counsel's office began plaintiff's representation in 2009. (*See* Doc. 22 at PAGEID 1295). Plaintiff's counsel has submitted a copy of the contingency fee agreement under which plaintiff agreed to pay counsel a contingency fee of 25 percent of past-due benefits. (Doc. 22 at PAGEID 1304-06). Plaintiff's counsel has also submitted an itemized billing sheet demonstrating that he performed a total of 31.25 hours of work on the case in this Court. (Doc. 22 at PAGEID 1307).

Dividing the $6,368.75 now requested by the 31.25 hours counsel worked on this case before the Court produces an effective hourly rate of $203.80. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
>
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id*.

Plaintiff's counsel has not provided any information concerning his typical hourly rate, his credentials, or typical hourly rates for other attorneys of similar skill and experience who practice in this area. However, the Commissioner does not contend that the requested fee is unreasonable. (*See* Doc. 24). The Court notes that counsel did not unduly delay the resolution of this matter and achieved an excellent result. The case was reversed and plaintiff received a fully favorable decision on remand. Counsel's work resulted in a significant award of benefits to plaintiff. Further, plaintiff voluntarily entered into the contingency fee agreement with counsel, and counsel undertook and assumed the risk of non-payment. Moreover, higher rates have been

4

awarded in other cases in this Court. *See, e.g., Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-cv-725, 2015 WL 799770, at *3-*4 (S.D. Ohio Feb. 25, 2015) (Report and Recommendation) (Litkovitz, M.J.), *adopted*, 2015 WL 1285890 (S.D. Ohio Mar. 19, 2015) (Barrett, J.) (approving effective hourly rate of $700.00); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) (Report and Recommendation) (Kemp, M.J.), *adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014) (Smith, J.) (approving effective hourly rate of $750.00); *Metz v. Comm'r, Soc. Sec. Admin.*, No. 3:11-cv-391, 2014 WL 1908512, at *1-*2 (S.D. Ohio May 12, 2014) (approving effective hourly rate of $780.25); *Smith v. Comm'r of Soc. Sec.*, No. 2:10-cv-701, 2014 WL 618996, at *2 (S.D. Ohio Feb. 18, 2014) (Report and Recommendation) (Kemp, M.J.), *adopted*, 2014 WL 1046025 (S.D. Ohio Mar. 17, 2014) (Sargus, J.) (approving effective hourly rate of $750.00); *Pickett*, 2012 WL 1806136, at *2 (approving effective hourly rate of $709.00). Thus, the requested hourly rate of $203.80 is reasonable in this case.

However, the Court notes that counsel did not file an attorney fee petition under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Further, the time for doing so has expired. *See* 28 U.S.C. § 2412(d)(1)(B) (providing that a party seeking an EAJA award must submit an application within 30 days of final judgment); *Jones v. Comm'r of Social Security*, No. 1:14-cv-748, 2017 WL 1745569, at *4 (S.D. Ohio May 04, 2017).

This Court has previously explained that where an attorney fails to submit an EAJA fee application on his client's behalf, a deduction from counsel's § 406(b) award equal to the amount the plaintiff likely would have received had his counsel submitted an EAJA fee application is appropriate. *Jones*, 2017 WL 1745569, at *4. The undersigned explained the reasons for the deduction in *Jones*:

> [A]n EAJA award "is authorized against the public fisc," but a § 406(b) award "comes out of the claimant's disability monies." *Meyers v. Heckler*, 625 F. Supp.

5

> 228, 231 (S.D. Ohio 1985) (citing *Eustache v. Sec'y of Dep't of Health & Human Servs.*, 601 F. Supp. 176, 178 (E.D.N.Y. 1985)). Further, "[a]n application under the EAJA is deemed to be made on behalf of the claimant by counsel, rather than, as with section 406, by counsel 'against' his or her client and on his or her own behalf." *Id.* (quoting *Eustache*, 601 F. Supp. at 178). "Accordingly, any funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel." *Id.*
>
> Given this relationship between § 406(b) and the EAJA, the Southern District of Iowa has concluded: "Nowhere is there a greater conflict of interest involved than in the fee-settings involved in Social Security disability matters, especially when an attorney *only* seeks payment from his client and does not attempt to shift fee payment to the government." *Shepherd v. Apfel*, 981 F. Supp. 1188, 1192 (S.D. Iowa 1997) (emphasis retained). *See also Taylor v. Heckler*, 608 F. Supp. 1255, 1259 (D.N.J. 1985) ("The court believes that more frequent invocation of the EAJA will have an additional salutary effect: it will ameliorate the conflict of interest between attorney and client."). Faced with fee motions under § 406(b) by attorneys who did not submit EAJA applications, courts have reduced the amount of a § 406(b) award by the amount that likely would have been awarded under the EAJA if an EAJA application had been granted. *See, e.g., Dixon v. Comm'r of Soc. Sec.*, No. 10-cv-5703, 2013 WL 5299561, at *4 (D.N.J. Sept. 18, 2013) (reducing § 406(b) award by the $5,643.75 that likely would have been awarded if counsel had filed an EAJA application); *Harlow v. Astrue*, 610 F. Supp.2d 1032, 1035 (D. Neb. 2009) (declining to award any of the $5,524.60 requested under § 406(b) because counsel "might have recovered up to $7,517.13 if he had applied for an award of attorney fees under the EAJA"); *Benton v. Comm'r of Soc. Sec.*, No. 03-cv-3154, 2007 WL 2027320, at *3 (E.D.N.Y. May 17, 2007) (reducing § 406(b) award by the $4,187.50 that likely would have been awarded if counsel had filed an EAJA application).

*Jones*, 2017 WL 1745569, at *4.

Consistent with this reasoning, a deduction from counsel's § 406(b) award equal to the amount plaintiff likely would have received had his counsel submitted an EAJA fee application is appropriate. The EAJA provides a $125 hourly rate for attorney fees unless the court determines that other factors justify a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). If plaintiff's counsel had submitted an EAJA application in this case, plaintiff likely would have received $3,906.25 under the EAJA, which represents 31.25 hours at an hourly rate of $125. Thus, while counsel's request for an award of $6,368.75 is otherwise reasonable, this amount should be

6

reduced by the $3,906.25 plaintiff likely would have received if counsel had filed an EAJA application.  After this deduction, counsel should receive an award of $2,462.50 under § 406(b).

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for attorney fees (Doc. 22) be **GRANTED IN PART** and that counsel be **AWARDED $2,462.50** in attorney fees under § 406(b).  The remaining funds that the Commissioner has withheld from plaintiff's past-due benefits in anticipation of a § 406(b) award should be released to plaintiff.

Date: 4/5/2024

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSEPH F.,<br>    Plaintiff, | Case No. 1:17-cv-57<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>    Defendant. | |

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).